IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CHARLENE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:11CV323 |
| | ) | |
| SAMUEL I. WHITE, P.C., *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Flagstar Bank, FSB's ("Flagstar")

Motion to Dismiss. (Dkt. No. 13.) This case concerns Plaintiff's purchase of a home that she

could not afford and her blaming the lender for her inability to abide by the rules of her contract.

There are eight issues before the Court. The first issue is whether the Court should grant

Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's claims under the Truth in

Lending Act (TILA) and Real Estate and Settlement Procedures Act (RESPA) when (1) the loan

closed on December 21, 2007, and (2) the claims were not filed until March 30, 2011. The Court

grants Defendant's Motion in regard to TILA and RESPA because Plaintiff's claims are barred

by the one-year statute of limitations under both TILA and RESPA. The statutes of limitation

began to run when Plaintiff's loan closed on December 21, 2007, and the statutes of limitation

for such claims expired on December 21, 2008.

The second issue is whether the Court should grant Defendant Flagstar's Motion to

Dismiss with regard to Plaintiff's remaining state law claims when the claims arise out of the

origination and servicing of her mortgage. The Court grants Defendant's Motion with regard to

Plaintiff's remaining state law claims because Plaintiff's claims against Flagstar are preempted

by the Home Owners' Loan Act (HOLA). Plaintiff's claims concern a mortgage, which is a traditional lending activity, and Flagstar is permitted to preempt state law for traditional lending activities under § 560.2(b) of the Office of Thrift Spending's preempted powers delegated by HOLA.

The third issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss as to breach of contract when (1) Plaintiff received a Notice of Default, and (2) Plaintiff knew of the foreclosure schedule for her property upon failure to make payment. The Court grants Defendant's Motion as to Plaintiff's breach of contract claim because (1) Plaintiff materially breached the contract by failing to pay her mortgage, and (2) as the party to first breach the contract, she cannot maintain an action against the Defendant for failure to perform.

The fourth issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's gross negligence claim when Plaintiff alleges that Defendant (1) offered to provide a loan it knew Plaintiff could not afford and (2) failed to provide all closing documents, which amounts to gross negligence. The Court grants Defendant's Motion as to Plaintiff's negligence claims because (1) Defendant's alleged gross negligence violations arose out of the Deed of Trust and Virginia does not recognize a gross negligence claim for contract, and (2) the claims are additionally barred under basic negligence because Plaintiff filed the claim outside of the statute of limitations.

The fifth issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's claim of breach of an implied covenant of good faith and fair dealing when Plaintiff failed to respond to Defendant's claim in her Opposition. The Court grants Defendant's Motion as to Plaintiff's implied covenant of good faith and fair dealing claim because Plaintiff waived the claim.

The sixth issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss in regard to an abuse of process when Plaintiff alleges that (1) Defendant's ulterior motive was to provide Plaintiff a loan for pecuniary gain, and (2) Defendant abused the foreclosure process by granting Plaintiff the loan and failing to provide a notice of acceleration or notice of foreclosure. The Court grants Defendant's Motion with regard to Plaintiff's abuse of process claim because Plaintiff cannot meet the claim's two requirements. Plaintiff cannot meet the ulterior motive requirement because pecuniary gain is the ultimate goal of all business enterprises and thus cannot serve as an ulterior motive alone. Plaintiff cannot meet the abuse of process requirement because (1) Plaintiff does not plead specific facts to support that Defendant abused the foreclosure process, (2) Plaintiff admits that all the elements triggering foreclosure were present, and (3) Defendant's sending a Notice of Default is inconsistent with Plaintiff's claim that Defendant concealed foreclosure thus abusing process.

The seventh issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's fraud claim when Plaintiff alleges that (1) Defendant conspired to defraud Plaintiff into obtaining a loan she could not afford by means of inflated appraisals, and (2) Defendant intentionally misrepresented Plaintiff's ability to pay and qualification to obtain it. The Court grants Defendant's Motion with regard to fraud because (1) the claim is implausible under the *Feeley* standard, which holds that a bank would not grant a loan that is against its own interest; and (2) Plaintiff concludes that fraud was committed without pleading the elements with sufficient particularity or distinguishing this case from *Feeley*.

The last issue is whether the Court should grant Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's conspiracy and RICO claims when Plaintiff alleges that, "upon information and belief," Flagstar (1) conspired with other Defendants, (2) partook in a mortgage

lending enterprise to engage in the conduct in Counts X through XIV, and (3) used the interstate mail and wire system to communicate with Plaintiff. The Court grants Defendant's Motion with regard to Plaintiff's conspiracy and RICO claims because Plaintiff fails to plead (1) the required agreement, unlawful purpose, or unlawful means, and damage elements of the conspiracy claim; and (2) the predicate acts and common purpose required for a RICO violation.

## I.   BACKGROUND

The below listed facts are sparse because Plaintiff's Complaint is conclusory in nature. Plaintiff Charlene Adams obtained a mortgage under a Deed of Trust from Defendant Flagstar Bank, in the amount of $413,250.00, at an annual interest rate of 7.750%. (Compl. 3.) Plaintiff's former husband, Son Tran, is a signatory but did not attempt to modify the mortgage in any way. (*Id.*) When Plaintiff applied for the loan, her gross monthly income was $4,191.78. (*Id.*)

In the first half of 2009, Plaintiff fell behind on her mortgage payments and received a Notice of Default from Flagstar. (*Id.*) Plaintiff's loan was referred for foreclosure on July 30, 2009. (Compl. 4.) She did not receive a foreclosure or pre-acceleration notice from Flagstar, both of which are required in paragraph 22 of the Deed of Trust. (*Id.*) Defendant also did not notify Plaintiff of pending foreclosure by any other means. Foreclosure was scheduled for Plaintiff's property on April 1, 2011. (*Id.*) Plaintiff filed her Complaint on March 30, 2011. (Dkt. No. 1.) Defendant filed a Motion to Dismiss on April 26, 2011, which is now before the Court. (Dkt. No. 13.)

## II.   STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations

in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n.3.

## III.   ANALYSIS

The Court grants Defendant's Motion to Dismiss on all eight counts.  Each issue will be discussed in turn.

### A.  Plaintiff's TILA and RESPA Claims are Barred by Each Act's Respective Statute of Limitations

The Court grants Defendant's Motion to Dismiss as to TILA and RESPA because Plaintiff's claims are barred by TILA and RESPA's respective statute of limitations.

The Federal Truth in Lending Act (TILA) requires disclosure about cost and terms of consumer credit.  Its purpose is to promote informed borrowing and uniformity in lending practice and procedure.  *See* 15 U.S.C. § 1601(a) (2006).  The Real Estate and Settlement Procedures Act mandates good faith estimates and disclosure of settlement terms and interest rates from lenders in order to allow consumers to evaluate whether they can afford all aspects of their loan.  *See* 12 U.S.C. §§ 2601(a)-(b).  Both TILA and RESPA claims are subject to one-year statutes of limitation.  12 U.S.C. § 2614; 15 U.S.C. § 1640(e)(1).  The statutes begin to toll when injury occurs.  12 U.S.C. § 2614; 15 U.S.C. § 1640(e)(1).

The Court holds that Plaintiff's TILA and RESPA claims are barred because each Act's statute of limitations has expired.  In this case, Plaintiff's injury occurred on December 21, 2007, the date Plaintiff's loan closed.  The one-year statutory period began on this date.  Plaintiff filed her Complaint on March 30, 2011.  Approximately three and one-half years have passed since her loan closed, which is three times longer than the applicable statutes of limitation—the statutes of limitation ran on December 21, 2008.  Accordingly, Plaintiff's claim is barred by TILA and RESPA's respective statutes of limitation.

The Court rejects Plaintiff's claim that the statutes are tolled because Defendant committed fraud.  Statutes are tolled if an intentional wrong is committed.  *Go Computer, Inc. v.*

*Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007). This applies to fraud. *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995). For tolling to apply, a party must establish three factors. First, the party invoking the statute must have fraudulently concealed material facts. Second, the claimant must have failed to discover the facts before the statute expired. Third, both prior elements must have occurred despite the exercise of due diligence. *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987).

Plaintiff's fraud claim fails on all three elements. First, Flagstar did not fraudulently conceal their failure to disclose documents because they sent a Notice of Default, which put Plaintiff on notice. Second, it is implausible that Plaintiff was not aware of Flagstar's failure to deliver the notices because (1) she had access to the Deed of Trust's schedule for pre-acceleration rate and foreclosure notices, and (2) the notices did not arrive on the contractually scheduled date. Third, considering the above facts, had Plaintiff performed due diligence, she would have known the notices were not delivered.

The Court thus will not toll the statutes of limitation for fraud because Plaintiff (1) received a Notice of Default; (2) thus knew that foreclosure proceedings would begin; (3) had access to the schedule for notice delivery; and (4) therefore would have known that Defendant failed to deliver the pre-acceleration and foreclosure notice had she done due diligence.

For all of the above reasons, the Court grants Defendant's Motion to Dismiss as to Plaintiff's TILA and RESPA claims.

### B. Office of Thrift Spending's Preemption Powers under the Home Owners' Loan Act

The Court grants Defendant's Motion because (1) the claims concern a mortgage, which is a traditional lending activity; and (2) Flagstar is permitted to preempt state law under §

560.2(b) of the Office of Thrift Spending's preempted powers delegated by the Home Owners' Loan Association Act.

The Home Owners' Loan Association Act (HOLA) granted the Office of Thrift Spending (OTS) the power to authorize creation, regulate, and preempt conflicting state law for federal savings and loan associations with regard to traditional lending activities. *In re Ocwen Loan Servicing, LLC*, 491 F.3d 638, 642 (7th Cir. 2007). Under this structure, federal savings associations can preempt state law to the extent authorized under federal law, except as excluded in § 560.2(c).

To evaluate pre-emption by OTS, the Court of Appeals for the Fourth Circuit applies a two-part test. First, the Court determines if the law is of the nature covered in § 560.2(b). If the law is of that nature, the law is preempted. If it is not of that nature, the Court asks whether the law affects lending. If the law affects lending, under paragraph (a), preemption is presumed. Reversal only occurs if the law is contained within paragraph (c).[1] The Circuit interprets paragraph (c) narrowly and in favor of preemption. *Down v. Flagstar Bank, F.S.B.*, No. 3:10-cv-847, 2011 WL 1326961, at *3 (E.D. Va. Apr. 4, 2011).

The Court holds that Plaintiff's HOLA claims are preempted by OTS because HOLA preempts Plaintiff's claims under § 9 and § 10 of § 560.2(b). Flagstar may decide what information is appropriate in determining whether a loan issued and what notice is required for foreclosure proceedings under § 9 because § 9 allows OTS to preempt state laws regarding (1)

---

[1] Under § 560.2(c), state laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section: (1) contract and commercial law; (2) real property law; (3) homestead laws specified in 12 U.S.C. § 1462a(f); (4) tort law; (5) criminal law; and (6) any other law that OTS, upon review, finds: (i) furthers a vital state interest; and (ii) either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section.

what content is considered when deciding to accept a loan, (2) what to disclose, and (3) advertising terms. Flagstar can issue Adams a loan knowing she cannot repay, apply their own income calculations to originate a mortgage, and transfer the mortgage under § 10 because §10 allows OTS to preempt state laws regarding the (1) sale, (2) purchase, and (3) investment or participation in mortgages.

The Court therefore grants Defendant's Motion to Dismiss as to Plaintiff's remaining claims because Plaintiff's state law claims are precluded under § 560.2.

## C. Breach of Contract

The Court should grant Defendant's Motion as to breach of contract because Plaintiff cannot maintain an action against Defendant for failure to perform as Plaintiff was the first party to materially breach the contract.

Under Virginia law, a contract is breached when a party fails to perform or repudiates an agreement and as a result the other party suffers injury. Va. Code Ann. § 59.1-507.1 (2000). A material breach occurs when a party fails to perform a term that is an essential element of the agreement and is likely to deprive the injured party of a benefit it reasonably expected under the contract. *Filak v. George*, 594 S.E.2d 610 (Va. 2004). A party who commits a material breach of contract is not entitled to enforce it or maintain an action against the other party if they do not perform. *Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001).

The Court holds that Plaintiff was the first party to breach the Deed of Trust. Plaintiff was the first party to breach the deed of trust because Plaintiff admitted that she failed to make her mortgage payment on the scheduled date. Failure to make a payment is a material breach of a mortgage contract because the lender agrees to a loan with the understanding that it will be repaid on the scheduled dates. Plaintiff's failure to repay the loan on the scheduled dates thus

frustrates Defendant's reasonable expectations under the Deed of Trust. Therefore, Plaintiff was the first to materially breach the contract and cannot maintain an action against Defendant for failure to perform.

The Court rejects Plaintiff's arguments of fraudulent inducement because Plaintiff was not induced into breaching the contract by fraud as Plaintiff was aware of (1) her schedule for mortgage payments and (2) the foreclosure schedule if she failed to make payment, and therefore would have been aware of her property's foreclosure had she performed due diligence.

Plaintiff must establish three elements to claim fraud. First, the party invoking the statute must have fraudulently concealed material facts. Second, the claimant must have failed to discover the facts before the statute expired. Third, both must have occurred despite the exercise of due diligence. *Mortarino v. Consultant Eng'g Servs.*, 467 S.E.2d 778, 781 (Va. 1996).

The Court dismisses Plaintiff's fraud claim with regards to breach of contract for three reasons. First, Plaintiff was aware that she defaulted on her mortgage because she received a Notice of Default from Defendant. Second, Plaintiff had access to the schedule of when she was to receive a pre-acceleration and foreclosure notice after default. Third, had Plaintiff performed due diligence, she would have been on notice of foreclosure. The Court therefore holds that Plaintiff was not fraudulently induced into foreclosure.

For the foregoing reasons, the Court holds that Plaintiff cannot maintain an action against Defendant for failure to perform because she was the first to materially breach the contract.

### D. Gross Negligence

The Court grants Defendant's 12(b)(6) Motion as to negligence because (1) Virginia does not recognize a claim for negligent performance of contract, and (2) the statute of limitations for basic negligence in Virginia has expired.

Virginia does not recognize a claim for negligent performance of contract. *Dunn Constr. Co. v. Cloney*, 682 S.E.2d 943, 946 (Va. 2009). A "duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Richmond Metro. Auth. v. McDevitt St. Bovis Inc.*, 256 Va. 533, 559 (1998) (citation and internal quotation marks omitted). Accordingly, gross negligence claims cannot be applied to contracts. *Id.* The applicable statute of limitations for a negligence claim in Virginia is two years. Va. Code Ann. § 8.01-230 (2010).

The Court holds that there can be no gross negligence claim for tort where a claim arises out of contract. Virginia does not recognize a gross negligence claim for contract. Accordingly, the Court grants Defendant's Motion to Dismiss in regard to gross negligence because (1) Defendant's alleged gross negligence violations arose out of the Deed of Trust, (2) the Deed of Trust is a contract, and (3) Virginia does not recognize gross negligence under contract.

The Court further holds that Plaintiff cannot file a basic negligence claim because the statute of limitations in Virginia has expired. The applicable statute of limitations for a negligence claim in Virginia is two years. The alleged injury occurred on December 21, 2007. The statute of limitations for basic negligence thus expired on December 21, 2009. This claim was not filed until March 30, 2011. Accordingly, the Court holds that the claims are additionally barred under basic negligence because Plaintiff filed the claim on March 30, 2011, and the statute of limitations in Virginia expired at the latest on December 21, 2009. For all of the above reasons, the Court grants Defendant's Motion to Dismiss as to gross negligence.

**E. Good Faith and Fair Dealing**

The Court grants Defendant's Motion because Plaintiff waived the claim by failing to respond. Under Federal Rule of Civil Procedure 8(b)(6), when a party fails to respond to a

claim, the claim is waived. Fed. R. Civ. P. 8(b)(6). In this case, Plaintiff failed to respond to this ground of Defendant's Motion. Accordingly, the Court grants Defendant's Motion to Dismiss as to a good faith and fair dealing violation.

### F. Abuse of Process

The Court grants Defendant's Motion to Dismiss for abuse of process because Plaintiff fails to plead the necessary facts to support the required ulterior motive and distortion of process elements.

#### i.      Ulterior Motive Requirement

The Court holds that Plaintiff fails to sufficiently plead the ulterior motive requirement because pecuniary gain is not a plausible ulterior motive. As declared by the Supreme Court of Virginia, "[t]o prevail in a cause of action for abuse of process a plaintiff must plead and prove . . . the existence of an ulterior purpose" other than the object of the legal action. *Montgomery v. McDaniel*, 628 S.E.2d 529, 531 (Va. 2006). Plaintiff alleges that Defendant's ulterior motive was to provide Plaintiff with a loan for pecuniary profit. Pecuniary gain is implausible as an ulterior motive because a primary motive or objective of any business or lending enterprise is pecuniary profit. The Court therefore holds that pecuniary gain alone is not a sufficient ulterior motive for an abuse of process claim.

#### ii.      Abuse of Process Requirement

The Court grants Defendant's Motion to Dismiss because Plaintiff fails to allege specific or plausible facts supporting Defendant's alleged abuse of the foreclosure process. As declared by the Supreme Court of Virginia, "[t]o prevail in a cause of action for abuse of process a plaintiff must plead . . . an act in the use of the process not proper in the regular prosecution of the proceedings." *Montgomery* 628 S.E. 2d at 531.

The Court holds that Plaintiff did not sufficiently plead the abuse of process element for three reasons. First, Plaintiff failed to plead the particularities of how Defendant allegedly (1) failed to disclose and properly consider documents and provide notice of the mortgage rate acceleration; (2) used the routine practice of telling an applicant they were qualified; (3) presented documents that illustrate such; (4) accepted the loan; and (5) failed to follow the contractually set pre-acceleration notice. Second, Defendant's providing the Notice of Default is inconsistent with Plaintiff's claim that Defendant concealed foreclosure proceedings and abused process. Third, Plaintiff admits that all elements triggering foreclosure were present. The Court therefore holds that Plaintiff did not sufficiently establish that the foreclosure process was abused.

Accordingly, the Court grants Defendant's Motion to Dismiss with regard to abuse of process because (1) Plaintiff's allegation that pecuniary gain alone can serve as an ulterior motive is insufficient, and (2) Plaintiff's facts to support that the foreclosure process was abused are implausible and not plead with sufficient particularity.

## G. Fraud

The Court grants Defendant's Motion to Dismiss with regard to fraud because (1) the claim is not plausible under the *Feeley* standard, which holds that a bank would not grant a loan that is against their own interest, and (2) Plaintiff fails to meet the "pleading special matters" requirements for fraud or mistake under Federal Rule of Civil Procedure 9(b).

A complaint must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" based upon the facts alleged. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That a company would choose to extend a loan with knowledge that it is contrary to its financial interests is implausible. *Feeley v. Total Realty Mgmt.*, 660 F. Supp.

2d 700, 708 (E.D. Va. 2009). Under Virginia law, a fraud claim must allege (1) a false representation, (2) of a material fact, (3) that was made intentionally and knowingly, (4) with intent to mislead, (5) on which a party relied, and (6) that resulted in damage to the party misled. *Winn v. Aleda Constr. Co.*, 315 S.E.2d 193, 195 (Va. 1984). Federal Rule of Civil Procedure 9(b) states that a party alleging fraud must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b).

The Court grants Defendant's Motion to Dismiss because Plaintiff has not (1) plead facts to distinguish the facts of this case from *Feeley*, (2) refuted the holding in *Feeley*, nor (3) plead the elements of fraud with sufficient particularity. Plaintiff only states that Defendant used the interstate wire and mail system to engage in a mortgage lending enterprise to carry out the conduct in Counts V through XIV. Plaintiff specifically fails to include (1) which Flagstar employees made misrepresentations, (2) the content of the representations, and (3) how Plaintiff relied on them. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 778 (4th Cir. 1999).

The Court therefore grants Defendant's Motion because (1) the claim is implausible under the *Feeley* standard, and (2) Plaintiff has not plead the elements of fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b) or refuted or distinguished this case from *Feeley*.

### H. Conspiracy and RICO

The Court grants Defendant's Motion in regards to conspiracy and RICO because Plaintiff fails to plead with particularity (1) the required agreement, unlawful purpose or unlawful means, and damage elements of the conspiracy claim; and (2) the predicate acts and common purpose required for a RICO violation.

Under Virginia law, the elements of a common law conspiracy claim are (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (3) results in damage to plaintiff. *Glass v. Glass*, 228 Va. 39, 47 (1984). For a RICO violation, a plaintiff must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and (5) that they were injured in their property or business (6) by reason of the RICO violation. *Hamilton v. Commonwealth*, 279 Va. 94, 102 (2010). To plead racketeering activity, Plaintiff must plead two or more predicate racketeering acts and a common purpose. *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 686 (E.D. Va. 2008).

The Court grants Defendant's Motion because Plaintiff fails to plead with particularity (1) the required agreement, unlawful purpose or unlawful means, and damage elements of the conspiracy claim; and (2) the conduct, enterprise, pattern, predicate acts or common purpose required for a RICO violation. Plaintiff relied entirely upon generalized conclusory statements made "upon information and belief," without any specific details of concerted action.

The Court therefore grants Defendant Flagstar's Motion to Dismiss with regard to Plaintiff's conspiracy and RICO claims because Plaintiff failed to plead the elements of either claim with sufficient particularity.

## IV. CONCLUSION

The Court grants Defendant's Motion to Dismiss in its entirety because (1) the TILA and RESPA claims' statutes of limitation have expired; (2) Flagstar was permitted to conduct the mortgage lending process and preempt state law under HOLA; (3) Plaintiff breached the Deed of Trust first; (4) there is no claim for grossly negligent breach of contract in Virginia, and the statute of limitations for a basic negligence action under Virginia law has expired; (5) Plaintiff

15

failed to respond to Defendant's good faith and fair dealing assertions, and the claim is thus

waived; (6) Plaintiff has not plead sufficient facts to support an ulterior motive or abuse of

process; (7) the fraud claim is implausible under the *Feeley* standard and does not meet Federal

Rule of Civil Procedure 9(b) particularity requirements; and (8) Plaintiff has not plead with

sufficient particularity to support her conspiracy or RICO claims.

For the foregoing reasons, it is hereby

ORDERED that Defendant Flagstar's Motion to Dismiss is GRANTED WITH

PREJUDICE on all counts.

The Clerk is directed to forward a copy of this Opinion to counsel of record.

Entered this 31st day of August, 2011.

Alexandria, Virginia
8/31/2011

_____/s/_____
Gerald Bruce Lee
United States District Judge